UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-60853-RAR

**FEDIA SAMEDY**,

    Plaintiff,

v.

**ACCOUNTS RECEIVABLE RESOURCES, INC.**,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSE**

**THIS CAUSE** comes before the Court on Plaintiff's Motion to Strike Affirmative Defense ("Motion") [ECF No. 9], filed on May 28, 2020. In the Motion, Plaintiff seeks to strike Defendant's third affirmative defense, which asserts that "any violation of federal or state law in [Defendant's] dealings with Plaintiffs [*sic*] was a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error." Answer [ECF No. 5] at 4. Having reviewed the Motion, Answer, and the record, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion [ECF No. 9] is **GRANTED IN PART AND DENIED IN PART**. Defendant's third affirmative defense is **STRICKEN** because it is conclusory and lacks necessary detail. *See Oriole Gardens Condo. Ass'n I v. Aspen Specialty Ins. Co.*, No. 11-62281, 2012 WL 864629, at *1 (S.D. Fla. Mar. 13, 2012) (noting that "an affirmative defense must be stricken when the defense comprises no more than bare-bones, conclusory allegations."); *see also Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005).

2. Defendant is granted leave to replead this stricken defense with greater specificity and is encouraged to review the Court's analysis of the standard for establishing the bona fide error defense in *Malone v. Accounts Receivable Res., Inc.*, 408 F. Supp. 3d 1335, 1345 (S.D. Fla. 2019).

3. Defendant shall file an amended answer and affirmative defenses in compliance with this Order on or before **June 16, 2020**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 3rd day of June, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**