UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-60853-RAR

**FEDIA SAMEDY**,

    Plaintiff,

v.

**ACCOUNTS RECEIVABLE RESOURCES, INC.**,

    Defendant.
_____/

### ORDER REQUIRING VERIFIED AFFIDAVIT REGARDING INJURY-IN-FACT FOR ARTICLE III STANDING

**THIS CAUSE** comes before the Court upon *sua sponte* review of the record. The Complaint [ECF No. 1], filed on April 27, 2020, alleges violations by the Defendant of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. section 1692 *et seq.* To have standing[1] to pursue claims under the FDCPA, a plaintiff must allege a particularized, concrete injury-in-fact. *Trichell v. Midland Credit Mgmt., Inc.*, No. 18-14144, 2020 WL 3634917, at *3 (11th Cir. July 6, 2020). A plaintiff cannot show a particularized, concrete injury-in-fact by alleging that a debt collection letter creates a risk of misleading consumers in general. *Id.* at *6-7. "[A] statutory violation that poses a risk of concrete harm to consumers in general, but not to the individual plaintiff, cannot fairly be described as causing a particularized injury to the plaintiff." *Id.* at *7. Furthermore, a risk of harm to a plaintiff that "dissipated before the complaint was filed" is insufficient to establish Article III standing. *Id.* at *8.

---

[1] "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). It is the Court's responsibility to "zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

Here, Plaintiff's Complaint alleges that Defendant's letter "falsely misrepresented Plaintiff's obligation" with respect to Plaintiff's debt and that "by and through the Collection Letter, Defendant wrongfully causes the least sophisticated consumer to falsely believe that he or she was responsible for the repayment of the Consumer Debt." Compl. ¶ 31. However, the Complaint does not allege that Plaintiff was in fact misled by Defendant's letter.

Thus, given the Eleventh Circuit's holding in *Trichell*, the named Plaintiff shall, in a filed and **verified affidavit,** explain in detail the concrete, particularized injury Plaintiff suffered as a result of receiving the allegedly misleading debt collection letter. The verified affidavit shall specify the harm that Plaintiff suffered beyond a risk of being misled that did not materialize. Plaintiff shall file the verified affidavit in conformance with this Order on or before **July 17, 2020**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 10th day of July, 2020.

_____
**RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE**

cc:   counsel of record